IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHARLIE B. BUSH JR., | ) | 4:09CV3141 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| MELANIE BAILEY, Counselor, and | ) | |
| MICHAEL THURBER, Director of the | ) | |
| Lancaster County Jail, | ) | |
| | ) | |
| Defendants. | ) | |

     Plaintiff filed his Complaint in this matter on July 7, 2009. (Filing No. 1.) Also pending is before the court is Plaintiff's Motion for Enlargement of Time to Pay Filing Fee. (Filing No. 8.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 7.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I.  INITIAL REVIEW OF COMPLAINT

###    A.  Summary of Complaint

     Plaintiff filed his Complaint on July 7, 2009, against counselor Melanie Bailey and Lancaster County Jail Director Michael Thurber. (Filing No. 1 at CM/ECF p. 1.) Plaintiff is currently confined in the Lancaster County Jail in Lincoln, Nebraska. (*Id*.)

     Condensed and summarized, Plaintiff alleges that Defendants discriminated against him because they failed to provide him counseling after he discovered that his cousin died. (*Id*. at CM/ECF pp. 2-3.) Defendant Bailey discriminated against Plaintiff because she "would not come see [him]" even though she "knew that [he] had a death

in his family." (*Id*. at CM/ECF pp. 2-3.) Defendant Thurber discriminated against Plaintiff because he determined that a grievance that Plaintiff filed against Bailey was unwarranted. (*Id*. at CM/ECF p. 3.) Plaintiff alleges Thurber made this determination because Plaintiff previously filed a case against him in this court, case number 4:09cv3076. (*Id*.) Plaintiff does not request any relief.

### B. Applicable Legal Standards on Initial Review

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *See generally*, *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected

-2-

by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### C. Discussion of Claims

#### 1. Plaintiff's Eighth Amendment Medical Claim

The court liberally construes Plaintiff's Complaint to allege an Eighth Amendment claim relating to denial of medical treatment. A prisoner-plaintiff seeking relief for claims relating to his medical care must allege that a defendant-prison official was deliberately indifferent to the plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997)). Further, a plaintiff must allege that he had objectively serious medical needs, and that officials actually knew of but deliberately disregarded those needs. *Hartsfield v. Colburn* 491 F.3d 394, 396-97 (8th Cir. 2007); *Johnson v. Hamilton*, 452 F.3d 967, 972-73 (8th Cir. 2006). "[S]ociety does not expect that prisoners will have unqualified access to health care." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Therefore, "deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Id.* (citing *Estelle*, 429 U.S. at 103-104).

Here, Plaintiff alleges that Defendants knew of his need for counseling but failed to provide him with it. (Filing No. 1 at CM/ECF p. 1.) Liberally construed, Plaintiff's need for counseling is a serious medical need. However, Plaintiff does not allege that Defendants deliberately disregarded that need. In fact, Plaintiff only alleges that Defendants discriminated against him. (*Id*. at CM/ECF pp. 2-3.) Because Plaintiff has not alleged that Defendants were deliberately indifferent to his medical needs he has failed to state a cognizable Eighth Amendment medical claim against Defendants upon which relief may be granted. However, on the court's own motion, Plaintiff shall have 30 days in which to amend his Complaint to clearly state an Eighth Amendment

medical claim. Any amended complaint shall restate the allegations of Plaintiff's current Complaint (filing no. 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

### 2. *Plaintiff's Retaliation Claim*

The court also liberally construes Plaintiff's Complaint to allege a retaliation claim against Defendant Thurber. To establish a First Amendment retaliation claim under 42 U.S.C. § 1983, a plaintiff must show that (1) he engaged in a protected activity, (2) the government official took adverse action against him that would chill a person of ordinary firmness from continuing in the activity, and (3) the adverse action was motivated at least in part by the exercise of the protected activity." *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004).

Here, Plaintiff alleges that he filed a lawsuit against Thurber. (Filing No. 1 at CM/ECF p. 3.) Plaintiff's act of filing a lawsuit is a constitutionally protected activity under the First Amendment. *See Lewis v. Jacks,* 486 F.3d 1025, 1028 (8th Cir. 2007) (stating that the filing of an inmate lawsuit is protected First Amendment activity). Further, Plaintiff has alleged that Thurber denied his grievance because of the lawsuit. (Filing No. 1 at CM/ECF p. 3.) Liberally construed, these allegations are sufficient to "nudge" Plaintiff's retaliation claim across the line from conceivable to plausible. As a result, Plaintiff's retaliation claim against Thurber may proceed. However, the court cautions Plaintiff that this is only a preliminary determination based only on the allegations of the Complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

## II. PLAINTIFF'S PENDING MOTION

Plaintiff has also filed a Motion for Enlargement of Time to Pay Filing Fee. (Filing No. 8.) In his Motion, Plaintiff states that he needs more time to pay the filing fees assessed in the court's July 28, 2009 Order. (*Id*.)

As set forth in 28 U.S.C. § 1915(b)(4), "[i]n no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." When the prisoner is unable to pay the initial partial filing fee due to a lack of funds, the requirement that the initial partial filing fee will be paid at the outset of the case is suspended. *See Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951, 957 n.9 (D. Neb. 2001). Instead, "the whole of the . . . filing fees are to be collected and paid by the installment method contained in § 1915(b)(2)." *Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997). Therefore, Plaintiff's Motion (filing no. 8) is granted and this matter will proceed without payment of the initial partial filing fee. However, the court reminds Plaintiff that he remains responsible for the full $350.00 filing fee.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Enlargement of Time to Pay Filing Fee (filing no. 8) is granted.

2. The initial partial filing fee and subsequent installments shall be collected and remitted, as funds exist, in the manner set forth in 28 U.S.C. § 1915(b)(2). Until the full filing fee of $350.00 is paid, Plaintiff shall be obligated to pay, and the agency having custody of Plaintiff shall forward to the Clerk of the court, 20 percent of the preceding month's income in such months as the account exceeds $10.00.

3. The Clerk of the court shall serve a copy of this order on the appropriate financial officer for Plaintiff's current institution.

4. Plaintiff shall have until **October 1, 2009,** to amend his Complaint to clearly state a claim against Defendant Bailey upon which relief can be granted, in accordance with this Memorandum and Order. If Plaintiff fails to file an amended complaint, Plaintiff's claims against Defendant Bailey will be dismissed without further notice for failure to state a claim upon which relief may be granted, and summons will

be issued for Plaintiff's retaliation claim only.

5. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (filing no. 1), and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

6. No summons will be issued until after Plaintiff has had an opportunity to amend his Complaint in accordance with this Memorandum and Order.

7. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Review amended complaint on **October 1, 2009**.

8. Plaintiff shall keep the court informed of his current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice.**

September 1, 2009.                     BY THE COURT:

                                       s/ Joseph F. Bataillon
                                       Chief United States District Judge


\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.