IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHARLIE B. BUSH JR., | ) | 4:09CV3141 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| MELANIE BAILEY, and MICHAEL | ) | |
| THURBER, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on its own motion. On September 1, 2009, the court conducted an initial review of Plaintiff's Complaint. The court liberally construed Plaintiff's Complaint to allege two claims: a First Amendment retaliation claim against Defendant Thurber and an Eighth Amendment claim against Defendant Bailey. (Filing No. 9.) The court determined that Plaintiff's allegations failed to state a claim upon which relief may be granted as to his Eighth Amendment claim. (*Id*.) However, the court permitted Plaintiff the opportunity to amend.

Plaintiff filed an Amended Complaint on September 28, 2009. (Filing No. 10-2, Attach. 1.)[1] After reviewing the Amended Complaint, the court finds that Plaintiff has complied with its September 1, 2009, Memorandum and Order and that service on Defendants is now warranted.

---

[1] Plaintiff also filed an Amended Complaint on September 15, 2009. (Filing No. 10.) However, the September 15, 2009 Amended Complaint was not signed and Plaintiff presumably filed the September 28, 2009 Amended Complaint to remedy that deficiency. (*See* Docket Sheet.) The court will therefore consider the September 28, 2009 Amended Complaint as the operative complaint in this matter.

IT IS THEREFORE ORDERED that:

1.      To obtain service of process on Defendants, Plaintiff must complete and return the summons forms which the Clerk of the court will provide. The Clerk of the court shall send TWO (2) summons forms and TWO (2) USM-285 forms to Plaintiff together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur.

2.      Upon receipt of the completed forms, the Clerk of the court will sign the summons forms, to be forwarded with a copy of the Amended Complaint to the U.S. Marshal for service of process. The Marshal shall serve the summons and Amended Complaint without payment of costs or fees. Service may be by certified mail pursuant to [Fed. R. Civ. Pro. 4](#) and Nebraska law in the discretion of the Marshal. The Clerk of the court will copy the Amended Complaint, and Plaintiff does not need to do so.

3.      [Fed. R. Civ. Pro. 4](#) requires service of the complaint on a defendant within 120 days of filing the complaint. However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

4.      Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant. A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint.

5.	The Clerk of Court is directed to set a pro se case management deadline in this case with the following text: "March 4, 2010: Check for completion of service of summons."

6.	The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. Plaintiff shall keep the court informed of her current address at all times while this case is pending. Failure to do so may result in dismissal.

November 5, 2009.	BY THE COURT:

	s/ Joseph F. Bataillon
	Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.